United States District Court
Southern District of Texas
**ENTERED**
November 29, 2021
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| RODNEY HEATH, § | |
| § | |
| Plaintiff. § | |
| § | |
| VS. § | CIVIL ACTION NO. 4:20-cv-01549 |
| § | |
| KILOLO KIJAKAZI, ACTING § | |
| COMMISSIONER OF THE SOCIAL § | |
| SECURITY ADMINISTRATION, § | |
| § | |
| Defendant. § | |

## MEMORANDUM AND OPINION

Plaintiff Rodney Heath ("Heath") seeks judicial review of an administrative decision denying his application for disability insurance benefits under Title II of the Social Security Act (the "Act"). *See* Dkt. 1. Before me are competing motions for summary judgment filed by Heath and Defendant Kilolo Kijakazi, the Acting Commissioner of the Social Security Administration (the "Commissioner").[1] *See* Dkts. 20, 23. After reviewing the briefing, the record, and the applicable law, Heath's motion for summary judgment is **GRANTED**, and the Commissioner's motion for summary judgment is **DENIED**.

## BACKGROUND

Heath filed an application for supplemental security income under Title II of the Act on September 27, 2017, alleging disability beginning on March 1, 2017. His application was denied and denied again upon reconsideration. Subsequently, an Administrative Law Judge ("ALJ") held a hearing and found that Heath was not disabled. Heath filed an appeal with the Appeals Council. The Appeals Council denied review, making the ALJ's decision final and ripe for judicial review.

---

[1] On July 9, 2021, Kilolo Kijakazi became the Acting Commissioner of the Social Security Administration and is automatically substituted as a party under Federal Rule of Civil Procedure 25(d).

## APPLICABLE LAW

The standard of judicial review for disability appeals is provided in 42 U.S.C. § 405(g). Courts reviewing the Commissioner's denial of social security disability applications limit their analysis to (1) whether the Commissioner applied the proper legal standards, and (2) whether the Commissioner's factual findings are supported by substantial evidence. *See Estate of Morris v. Shalala*, 207 F.3d 744, 745 (5th Cir. 2000). Addressing the evidentiary standard, the Fifth Circuit has explained:

> Substantial evidence is that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion; it must be more than a scintilla, but it need not be a preponderance. It is the role of the Commissioner, and not the courts, to resolve conflicts in the evidence. As a result, [a] court cannot reweigh the evidence, but may only scrutinize the record to determine whether it contains substantial evidence to support the Commissioner's decision. A finding of no substantial evidence is warranted only where there is a conspicuous absence of credible choices or no contrary medical evidence.

*Ramirez v. Colvin*, 606 F. App'x 775, 777 (5th Cir. 2015) (cleaned up). Judicial review is limited to the reasons relied on as stated in the ALJ's decision, and *post hoc* rationalizations are not to be considered. *See SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947).

Under the Act, "a claimant is disabled only if she is incapable of engaging in any substantial gainful activity." *Anthony v. Sullivan*, 954 F.2d 289, 293 (5th Cir. 1992) (cleaned up). The ALJ uses a five-step approach to determine if a claimant is disabled, including:

> (1) whether the claimant is presently performing substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the impairment meets or equals a listed impairment; (4) whether the impairment prevents the claimant from doing past relevant work; and (5) whether the impairment prevents the claimant from performing any other substantial gainful activity.

*Salmond v. Berryhill*, 892 F.3d 812, 817 (5th Cir. 2018) (quoting *Kneeland v. Berryhill*, 850 F.3d 749, 753 (5th Cir. 2017)).

The burden of proof lies with the claimant during the first four steps before shifting to the Commissioner at Step 5. *See id.* Between Steps 3 and 4, the ALJ considers the claimant's residual functional capacity ("RFC"), which serves as an indicator of the claimant's capabilities given the physical and mental limitations detailed in the administrative record. *See Kneeland*, 850 F.3d at 754. The RFC also helps the ALJ "determine whether the claimant is able to do [his] past work or other available work." *Id.*

## THE ALJ'S DECISION

The ALJ found at Step 1 that Heath had not engaged in substantial gainful activity "since March 1, 2017, the alleged onset date." Dkt. 18-3 at 18.

The ALJ found at Step 2 that Heath suffered from "the following severe impairments: coronary artery disease, ischemic cardiomyopathy, and obstructive sleep apnea." *Id.*

At Step 3, the ALJ found that none of these impairments met any of the Social Security Administration's listed impairments.

Prior to consideration of Step 4, the ALJ determined Heath's RFC as follows:

> [T]he claimant has the residual functional capacity to perform light work (occasionally lift and carry 20 pounds and frequently 10 pounds, stand and walk 6 hours, and sit about 6 hours in an 8-hour workday) as defined in 20 CFR 404.1567(b) except he can frequently climb ramps and stairs. The claimant can occasionally climb ladders, ropes, or scaffolds.

*Id.* at 19.

At Step 4, the ALJ found that Heath "is capable of performing past relevant work as a material coordinator and contract administrator." *Id.* at 23. Thus, the ALJ concluded that Heath is not disabled.

## DISCUSSION

This social security appeal raises two issues: (1) whether Heath has presented new and material evidence requiring remand; and (2) whether the ALJ's determination that Heath retains the ability to perform his past relevant work is supported by substantial evidence. I reach only the first issue.

In pertinent part, the ALJ found that Heath has the RFC to "perform light work," meaning he could "occasionally lift and carry 20 pounds . . . , stand and walk 6 hours, and sit about 6 hours in an 8-hour workday." *Id.* at 19. Upon appeal to the Appeals Council, Heath submitted new material evidence in the form of a Physical Residual Functional Capacity Questionnaire ("PRFCQ") dated September 13, 2019, which described limitations greater than those stated in the ALJ's RFC. *See id.* at 8–12. Specifically, in the PRFCQ, Thomas G. Doneker, M.D., describes the following physical limitations: (1) Heath is "incapable of even 'low stress' jobs"; (2) Heath can stand/walk "less than 2 hours" in an 8-hour work day; (3) Heath can sit "at least 6 hours" in an 8-hour work day; (4) Heath can "occasionally" lift 10 pounds or less; and (5) Heath is likely to be absent from work "[m]ore than four days per month. *Id.* at 9–11. Dr. Doneker also states that when sitting, Heath's legs should be elevated 18" for 50% of the workday. *See id.* at 10. These limitations exceed those found by the ALJ and specifically contradict the ALJ's RFC in some potentially critical respects. Notwithstanding this fact, the Appeals Council denied review, explaining:

> You submitted Medical Opinion of Thomas Doneker dated September 13, 2019, received September 27, 2019 (5 pages). We find this evidence does not show a reasonable probability that it would change the outcome of the decision. We did not exhibit this evidence.

*Id.* at 3. Heath argues that the Appeals Council erred in not considering the substance of the new evidence and, thus, remand is required. I agree.

Under 20 C.F.R. § 416.1470(a)(5), the Appeals Council will review a case if:

> [T]he Appeals Council receives additional evidence that is new, material, and relates to the period on or before the date of the hearing

4

> decision, and there is a reasonable probability that the additional evidence would change the outcome of the decision.

20 C.F.R. § 416.1470(a)(5). As a general rule, "the regulations do not require the Appeals Council to discuss the newly submitted evidence, nor is the Appeals Council required to give reasons for denying review." *Whitehead v. Colvin*, 820 F.3d 776, 780 (5th Cir. 2016). *See also Johnson v. U.S. Comm'r, Soc. Sec. Admin.*, No. CV 6:17-1371, 2019 WL 1142708, at *11 (W.D. La. Feb. 11, 2019) ("This Court is cognizant of the general rule that the Appeals Council is not required to provide a discussion of the newly submitted evidence or give reasons for denying review."). Although the Appeals Council is not always required to provide a detailed discussion of new evidence, the Fifth Circuit has found that some discussion is warranted when the "new records create[] considerable uncertainty regarding the ALJ's findings." *Whitehead*, 820 F.3d at 780 (quotation omitted).

Here, the PRFCQ clearly states that it describes Heath's impairments since March 2017. The Appeals Council stated that it reviewed the evidence and found it would not have changed the ALJ's decision. This treatment by the Appeals Council would be adequate if the PRFCQ does not create uncertainty about the ALJ's findings. *See Caudell v. Saul*, No. CV H-18-2897, 2019 WL 4307123, at *12 (S.D. Tex. Aug. 27, 2019) ("the Appeals Council met its burden to consider the new evidence and was only in error if there was a reasonable probability that [the PRFCQ] would have changed the ALJ's decision"). Contrary to the Appeals Council's determination, I find that the new evidence creates some uncertainty.

The PRFCQ, which was prepared by an examining physician, directly contradicts certain of the ALJ's findings. Specifically, the PRFCQ describes significant standing limitations, as well as a requirement for certain accommodations related to sitting. The Appeals Council provided no insight into whether it recognized the contradiction or how it resolved any contradiction. In my view, because the limitations described by Dr. Doneker could potentially render

Heath disabled, the new evidence is significant and potentially casts doubt on the soundness of the ALJ's findings. Accordingly, I remand for consideration of the PRFCQ and its impact on whether Heath was disabled during the relevant time period.

## CONCLUSION

For the reasons provided above, Heath's motion for summary judgment is **GRANTED**, and the Commissioner's motion for summary judgment is **DENIED**. An entry of final judgment will be separately entered.

SIGNED this 29th day of November 2021.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE